the assault, and ought to be convicted; but should the jury be of the opinion, that the prisoner stood at such a distance from the mate when he drew his knife and flourished it, that he could not have possibly reached him, the prisoner was not guilty in law of the offence charged in the indictment.

The jury thereupon retired, and returned a verdict of not guilty.

===

## Case No. 16,215.

### UNITED STATES v. SALLY.

[Cited in Re Crittenden, Case No. 3,393. Nowhere reported; opinion not now accessible.]

===

## Case No. 16,216,

### UNITED STATES v. The SALLY MAGEE.

[4 Int. Rev. Rec. 134.]

District Court, S. D. New York. Oct., 1866.

PRIZE—LIEN FOR SEAMEN'S WAGES.

[Seamen on board a prize captured and condemned as enemy property have no lien for wages, as against the title of the United States and the rights of the captors.]

In admiralty.

BETTS, District Judge. The above vessel was seized on the high seas in July, 1861, by a ship of war of the United States, at a time of public war between the United States and the rebel states or Confederate States; and in the term of August following, the said vessel and her cargo were proceeded against in this court, by public prosecution, and a decree of condemnation and forfeiture of the vessel and her cargo, as prize of war, was rendered by the court therein, on the first day of the said term of August. [Cases Nos. 12,259 and 12,260.] On the 10th day of August, 1863, the claimants appealed the said cause to the supreme court of the United States, and that court in December term, last past, affirmed the decree of this court in the original cause in all respects. [3 Wall. (70 U. S.) 451.] On the 6th of October last the officers and crew of the aforesaid prize vessel filed their joint petition in this court, alleging they were "loyal officers of the United States at the time they were employed on board of and in the service of said bark, and so continued to the time of her capture in this cause: that they were not knowingly and willingly employed on board the said vessel in hostility to the United States, and that they are advised, and believe, they have an interest in, and lien upon, said bark, her tackle, apparel, furniture and cargo, or the proceeds of the sale thereof, as a security for the wages due to them, respectively, as aforesaid, and the said liens are prior to the claims of the libelants."

No lien for, or priority of right of payment of wages to the crew of the bark in this case, for their services upon the vessel, was imparted to them by the contract of hiring, or accrued by implication therefor. The Sally Magee, 3 Wall. [70 U. S.] 451; 13 Stat. 306, § 10. The ship and cargo were both enemy's property, and the legal title and interest therein was vested exclusively in the United States, on their seizure as prize in this action, and then passed, absolutely, by force of the prize act, above cited, to the captors. The owners of the ship, after she became enemy's property, could authorize no lien or disposal of the vessel or cargo in derogation of the higher and older title of the captors of her as prize of war, and the crew of her, equally with all outside creditors, must resort to and rely alone upon the individual responsibility of their particular debtors. Upton, Mar. Law (2d Ed.) 153, 158. The petitioners accordingly have no right, of course, against the property for the recovery of their wages, seized at sea and condemned as lawful prize of war, and in no way legally exonerated from liability to such seizure.

The act of congress of March 3, 1863 (12 Stat. 762), protecting certain liens upon vessels during the war, does not extend to cases of the class embraced in the present cause. The Sally Magee [supra]. Accordingly there is no statutory law authorizing the lien claimed by the petitioners. Petition denied.

[See, also, Case No. 12,261.]

===

UNITED STATES v. SALMON. See Case No. 14,820.

===

## Case No. 16,216a.

### UNITED STATES v. SAMPERYAC et al.

[Hempst. 118.] [1]

Superior Court, Territory of Arkansas. Feb., 1831.[2]

EQUITY — FEIGNED ISSUES — BILL OF REVIEW — PLEADING — FRAUD — ADMISSIONS — DECREE PRO CONFESSO — ASSIGNABILITY OF DECREES — CONVEYANCE—INNOCENT PURCHASERS.

1. It rests in the sound discretion of the chancellor to award a feigned issue, or not; and it is done to enable him to obtain additional facts, and to arrive at a satisfactory conclusion on the facts of the case.

2. The verdict of the jury on a feigned issue is not conclusive, for the chancellor may have tried again and again, and may even decree against a verdict.

3. Where there is sufficient proof to enable the chancellor to decide, the parties should not be subjected to the delay and expense of a trial at law.

4. The act of May 26, 1824 (4 Stat. 52), confers on this court the powers of a court of chancery, for the purpose of trying the validity of claims mentioned in that act, and a bill of review may be maintained therein.

5. A bill of review lies either for error in law, appearing on the face of the decree, or for new material matter, that has come to light afterwards, and which could not have been used at the time the decree was made.

---

[1] [Reported by Samuel H. Hempstead, Esq.]
[2] [Affirmed in 7 Pet. (32 U. S.) 222.]